Rotonde v Stewart Title Ins. Co. (2025 NY Slip Op 50970(U))

[*1]

Rotonde v Stewart Title Ins. Co.

2025 NY Slip Op 50970(U)

Decided on June 11, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2025
Supreme Court, Westchester County

Joseph Rotonde, individually and as a member of Mamaroneck Beach Realty Group, LLC, 
 AND Mamaroneck Beach and Yacht Club and Spa, Inc., Plaintiffs,

against
Stewart Title Insurance Company, Carol Dall, Esq., Jonathan Feinsilver, Esq., 
 Jeffrey H. Kaufman, Esq., Alan M. Mantell Esq., Defendants.

Index No. 76452/2024

Joseph Rotonde
Sherwood & Truitt Law Group, LLC 
Attorneys for Stewart Title Insurance Company 
300 Garden City Plaza, Suite 136 
Garden City, New York 11530

Linda S. Jamieson, J.

The following papers numbered 1 to 4 were read on this motion:
Paper Number
Notice of Motion, Affidavit, Affirmations and Exhibits 1
Affirmation and Exhibits in Opposition 2
Memorandum of Law, Affirmation and Exhibits in Opposition 3
Affirmation in Reply 4
Defendant Stewart Title Insurance Company ("Stewart Title") brings its motion seeking to dismiss the complaint on the basis of lack of personal jurisdiction. This is not the first action involving plaintiff and certain property in Mamaroneck (the "Property"). The Court previously presided over, and settled, another action involving the Property. This is the fourth motion to dismiss in this action. The other three motions have all resulted in the various defendants being dismissed from the action.
In this case, the verified complaint contains five causes of action. All involve the events leading up to and culminating in the closing of a transaction regarding the Property that occurred in November 2018. Specifically, in the complaint, plaintiff asserts that he "was listed as a Member of Mamaroneck Beach Realty Group, LLC, as established by incorporation documents [*2]filed with the New York State Secretary of State on October 25th, 2018;" "Any documents executed by any third party on behalf of Mamaroneck Beach Realty Group, LLC on November 14th, 2018, were fraudulently allowed by Stewart Title and the above defendants;" "Defendant Stewart Title Insurance Company, which insured the transaction . . . failed to verify the ownership of the purchasing LLC, allowing an unauthorized individual to close the transaction, causing significant financial loss, economic harm, and emotional distress for years. . . .;" and "Ms. Dall and Mr. Jonathan Feinsilver, [sic] fraudulently transferred the ownership documents from KJA to AJK overnight through fraud between November 13 and November 14, 2018 with [sic][FN1]
the knowledge of the Plaintiff. . . . At no point prior to the closing or the day of the closing was Mr. Joseph Rotonde notified via email, phone, or text that this LLC switch was taking place by any of the defendants or his partners including the lake house [sic]."
The five causes of action are (1) for a "declaratory judgment holding Stewart Title Insurance Company and the defendants liable for negligence in failing to verify LLC ownership as a requirement of the purchase and sale contracts" at the November 2018 closing; (2) negligence because "Stewart Title and the defendants owed a duty of care to verify the authorized representative of the LLC as per the purchase and sale agreements" at the closing; (3) tortious interference with a contract because "Stewart Title and the defendants interfered with the transaction by failing to verify IRS documents and the NYS Certificate of Formation, allowing a third party to close on the transaction;" (4) aiding and abetting fraud, because "Stewart Title and the defendants knowingly failed to verify essential documents, participating and assisting in a fraudulent transaction;" and (5) breach of the implied covenant of good faith and fair dealing because "Under New York law, all contracts imply a covenant of good faith and fair dealing in the course of performance, which embraces a pledge that neither party shall do anything which will have the effect of destroying the right of the other party to receive the fruits of the contract."
Plaintiff submits to the Court a document that purports to be an affidavit of service on Stewart Title. It says merely that Stewart Title was served when "the paper work was delivered on behalf of the defendant Stewart Title Company [sic] accepted by OLIVER POLICIK. MALE, 1601bs, WHITE SKIN, BROWN HAIR, 51-65yrs old." The document does not state when Stewart Title was allegedly served by serving Policik. The document does not state where Stewart Title was allegedly served. The document does not state who Policik is and what his role is at Stewart Title. The document does not state what documents were delivered to Policik, so the Court cannot determine whether it was even the summons and complaint.
According to Stewart Title, there is no one who works there named Oliver Policik. Instead, there is an employee named Oliver Pulisic, a Senior Underwriter. Pulisic states in his affidavit submitted on this motion that he never received any papers in this action. Indeed, he states that he has never been served with any papers in any action on behalf of Stewart Title. This is likely because he is simply not an appropriate person to be served on Stewart Title's behalf. Pulisic states in his affidavit that he is not "an officer, director, managing agent, or general agent of Stewart, nor am I a cashier, or assistant cashier for Stewart. I am also not an agent authorized by appointment or by law to receive service of process on behalf of Stewart." As CPLR § 311(a)(1) is very clear about who may receive process—officers, directors, [*3]managing agents, general agents, cashiers, assistant cashiers, or agents authorized by appointment or law—service upon Stewart Title has not been effectuated. The Court notes that plaintiff does not address this issue in his opposition papers. For this reason alone, Stewart Title must be dismissed from the action. 
As with the Court's other Decisions and Orders in this action, there is another basis on which the Court finds that plaintiff cannot sustain his claims against Stewart Title: the statutes of limitations for all of the claims have expired. The Court has analyzed these issues multiple times, and need not do so again here, especially because this is not an issue raised by Stewart Title (although plaintiff does raise it in his opposition papers). Regardless, as the statutes of limitations for all of the claims have expired, the Court would also dismiss the action against Stewart Title had this issue been raised.
The Court thus grants the motion to dismiss in its entirety, and Stewart Title is dismissed from the action.
The foregoing constitutes the decision and order of the Court.
Dated: June 11, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court

Footnotes

Footnote 1:The Court presumes that plaintiff meant to say "without" his knowledge.